**Rusdi RACHMAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74958.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 24, 2008.

Kaaren L. Barr, Esquire, Seattle, WA, for Petitioner.

Shahrzad Baghai, Genevieve Holm, Esquire, Nehal Kamani, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before LEAVY, RYMER, and THOMAS, Circuit Judges.

### MEMORANDUM **

Rusdi Rachman, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Even if Rachman's asylum application had been timely filed, substantial evidence supports the agency's conclusion that he failed to establish eligibility for asylum, because Rachman failed to show an objectively reasonable fear of future persecution in light of the fact that his similarly situated daughter lives in Indonesia unharmed. *See Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir.1996). Further, even assuming the disfavored group analysis in *Sael* applies to Indonesian Christians, Rachman has not demonstrated an individualized risk of persecution. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004). Finally, the record does not compel the conclusion that Rachman demonstrated a pattern or practice of persecution against Indonesian Christians. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc).

Because Rachman did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence supports the agency's denial of CAT relief, because Rachman did not show that it was more likely than not that he would be tortured if he returned to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Finally, in his opening brief, Rachman fails to address, and therefore has waived, any challenge to the BIA's denial of his motion to remand. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

